IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BRAD L. SMITH and TAMMIE SMITH, )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>LABORATORY CORPORATION OF )<br>AMERICA, INC, et al, )<br>)<br>Defendants. )<br>_____ ) | Case No. CV09-284-E-EJL<br><br>MEMORANDUM ORDER |

Plaintiffs, Brad L. Smith and Tammie Smith, initiated this action in state court against Defendants Laboratory Corporation of America, Inc. ("LabCorp") and Jane J. Yin, M.D. ("Dr. Yin"), alleging negligence and seeking declaratory relief. Defendants removed the matter to federal court and Dr. Yin filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2), for lack of personal jurisdiction, and pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim. Plaintiffs oppose the motion. The Motion to Dismiss is now ripe. Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this matter shall be decided on the record before this Court without a hearing.

**Background**

In August of 2007, Plaintiff Brad Smith's Idaho physician performed a skin biopsy procedure on Mr. Smith. LabCorp collected the biopsy specimen from Mr. Smith's physician in Idaho. LabCorp, in turn, delivered the specimen to a facility near Seattle, Washington for pathological review. Plaintiffs allege that Dr. Yin was employed by LabCorp at the Seattle

MEMORANDUM ORDER - Page 1

facility and was acting within the scope of her employment, agency or apparent authority when she reviewed Mr. Smith's tissue sample.

Dr. Yin diagnosed Mr. Smith as having a noncancerous skin condition. Plaintiffs allege that Mr. Smith's Idaho physician relied upon Dr. Yin's diagnosis when treating him. More than one year later, another biopsy review of the same tissue sample revealed that it was cancerous. Plaintiffs allege that the delay in correctly diagnosing Mr. Smith's skin cancer greatly diminished his chances of survival.

Plaintiffs filed a Complaint in state court seeking in Count One a declaration that Defendants violated Idaho Code § 54-1804 by rendering a medical diagnosis for an Idaho resident, based upon a biopsy specimen obtained in Idaho, without holding a license to practice medicine in Idaho. In Count Two, "Plaintiffs bring [an] action for negligence and/or medical negligence against Defendants for practicing medicine in Idaho without holding an Idaho license pursuant to Idaho Code § 54-1804." (Pls.' Compl. ¶ 25).

After removing the matter to the federal district court, Dr. Yin moved to dismiss the Plaintiffs' claims against her for lack of personal jurisdiction or in the alternative to dismiss Count One for failure to state a claim upon which relief can be granted. Because personal jurisdiction is a threshold issue, the Court will first address Dr. Yin's Rule 12(b)(2) motion. See, e.g., Brayton Purcell LLP v. Recordon & Recordon, 575 F.3d 981, 991 (9th Cir. 2009) (explaining that "personal jurisdiction is a threshold issue in every lawsuit and the erroneous exercise of personal jurisdiction deprives all subsequent proceedings of legal effect.").

**Preliminary Matters**

Before taking up the merits of Dr. Yin's Motion to Dismiss for lack of personal jurisdiction, the Court must resolve several preliminary matters. First, there is the issue of Dr. Yin's over-length opening brief.

Dr. Yin filed a thirty-eight page Memorandum in Support of her Motion to Dismiss, which is eighteen pages more than the twenty page limit permitted by Local Civil Rule 7.1(b)(1). Dr. Yin filed a Motion to Exceed Page Limits at the same time she filed the over-length brief but the motion was not supported by a memorandum. Consequently, Plaintiffs moved to strike Dr. Yin's Motion to Exceed Page Limits for failure to comply with Local

MEMORANDUM ORDER - Page 2

Civil Rule 7.1(b)(1), which provides that "[e]ach motion, other than a routine or uncontested matter, must be accompanied by a separate brief." Dr. Yin then filed a belated Memorandum in Support of Defendant's Motion to Exceed Page Limits and a response to the Plaintiffs' Motion to Strike.

Subsequently, Plaintiffs submitted a Memorandum in Opposition to Dr Yin's Motion to Dismiss, which the Plaintiffs noted was filed late. The Plaintiffs asked "this Court to find that their need to respond to the excess pages constitute 'good cause' to allow for their admittedly late filing." (Pls.' Mem. in Opp'n to Def. Yin's Mot. to Dismiss at 1-2).

Having considered all these events, the Court makes the following observations regarding the over-length brief. Despite what many practitioners apparently believe, more is not necessarily better. It best serves the Court and counsel for a party to avoid repetition and distill the arguments and case law to their essentials, so that the party's briefing is truly relevant.

Dr. Yin's reason for requiring the extra pages for her brief is that the motion is "complex."[1] The problem with this, of course, is that virtually all federal litigation is complex. Local Civil Rule 7.1 takes this fact into consideration when setting the page limit at twenty. Thus, any justification to exceed the Local Rule's limitation must be based on a showing that the issue at hand is **unusually** complex.

In this regard, Dr. Yin fails to make the necessary showing. Her brief could and should have been condensed to much fewer than thirty-eight pages. Many of the brief's

---

[1] Defendant also argues that she "was required to combine her Rule 12(b)(6) motion with the 12(b)(2) or it would have been waived." (Mem. in Supp. of Def.'s Mot. to Exceed Page Limits at 2). But this is incorrect. See Fed.R.Civ.P. 12(h)(1) (explaining that "a party waives any defense listed in Rule 12(b)(2)-(5) by . . . omitting it from a motion in the circumstances described in Rule 12(g)(2)."); American Ass'n of Naturopathic Physicians v. Hayhurst, 227 F.3d 1104, 1106 (9th Cir. 2000) ("The essence of Rule 12 – embodied in the combined language of 12(g) and 12(h) – is that a party who by motion invites the court to pass upon a threshold defense should bring forward all the specified defenses [12(b)(2)-(5)] – personal jurisdiction, improper venue, insufficient process, or insufficient service – he then has . . . ."); Weatherhead v. Globe Int'l, Inc., 832 F.2d 1226, 1228 (10th Cir.1987) (stating that under Rule 12(g) and 12(h) a Rule 12(b)(6) motion "is waived only when presented after trial"); Fed.R.Civ.P 12 advisory committee's note, 1966 Amendment, subdivision (h) ("It is to be noted that while the defenses specified in subdivision (h)(1) are subject to waiver as there provided, the more substantial defenses of failure to state a claim upon which relief can be granted . . . are expressly preserved against waiver . . . .").

excess pages are devoted to a redundant recitation of the Complaint's allegations or address legal argument not relevant to the merits of the motion.[2]

Because of this, however, the Court finds no prejudice to Plaintiffs in allowing Dr. Yin's over-length brief. Plaintiffs correctly determined that they were not required to respond to Dr. Yin's irrelevant arguments. (See Pls.' Mem. in Opp'n to Def. Yin's Mot. to Dismiss at 4). Furthermore, Plaintiffs have asked the Court to excuse their late-filed opposition brief because of "their need to respond to the excess pages." While two wrongs may not make a right, here they do cancel each other out.[3] Accordingly, the Court will deny the Plaintiffs' Motion to Strike, grant Defendant Yin's Motion to Exceed Page Limits, and consider Dr. Yin's opening brief as submitted.

The second preliminary matter concerns Plaintiffs' Motion to Strike the Affidavit of Dr. Yin. The Plaintiffs object to the fact that Dr. Yin's affidavit was submitted with the Defendant's reply brief rather than with her opening brief. Plaintiffs correctly note that by waiting until the reply to come forward with the affidavit, Dr. Yin has placed the Plaintiffs at an unfair disadvantage.

This is so, because under the case law a plaintiff's burden varies depending upon the defendant's evidentiary submissions when making a motion to dismiss for lack of personal jurisdiction. Where, as here, the Defendant chose not to support the motion with an affidavit, the Plaintiffs could properly rely upon the Complaint's allegations because the Court must take Plaintiffs' uncontroverted allegations in the Complaint as true. Lake v. Lake, 817 F.2d 1416, 1420 (9th Cir. 1987). But if Dr. Lin had offered evidence in support of her motion Plaintiffs could not simply rest on the bare allegations of their Complaint. Amba Mktg. Sys.,

---

[2] For example, in her brief the Defendant cites and quotes from a decision issued by Judge Winmill of the U.S. District Court of Idaho, Moxie Java Intern., LLC v. Cornucopia Beverages, Inc., No. CV07-535-S-BLW, 2009 WL 187893, at *2 & n.3 (D. Idaho Jan 23, 2009). (Def.'s Mem. in Supp. of Mot. to Dismiss at 5-6 & n.1). Despite the fact that Judge Winmill states in his decision that the federal court "need look only to the Due Process Clause to determine personal jurisdiction," Defendant inexplicably spends eight pages of her brief discussing Idaho Code § 5-514, the state's long arm statute.

[3] In so stating, the Court does not find that Plaintiffs' response brief was in fact filed late, but merely relies on Plaintiffs' representation that it was. (See Pls.' Mem. in Opp'n to Def. Yin's Mot. to Dismiss at 1-2).

Inc. v. Jobar Int'l, Inc., 551 F.2d 784, 787 (9th Cir.1977). Rather, Plaintiffs would have been required to come forward with facts, by affidavit or otherwise, in response to Dr. Lin's version of the facts. Id.

Obviously, then, Dr. Lin may not be allowed to achieve any evidentiary advantage by waiting until after Plaintiffs' response to file her affidavit. This principle is incorporated into numerous rules. For example, Rule 6 of the Federal Rules of Civil Procedure provides in part: "Any affidavit supporting a motion must be served with the motion." Fed.R.Civ.P. 6(c)(2). Similarly, Local Civil Rule 7.1(b)(2) states that the "moving party must serve and file with the motion affidavits required or permitted by Federal Rule of Civil Procedure 6(d)."

Dr. Lin has not provided any reasonable justification for waiting until the reply brief to submit her affidavit. All the matters attested to in the affidavit concern allegations made by Plaintiffs in their Complaint and were known to Dr. Lin at the time her opening brief was filed.[4] Accordingly, the Court will grant the Plaintiffs' Motion to Strike the Affidavit of Dr. Yin and will not consider that affidavit when ruling on the Motion to Dismiss. Instead, the Court will take Plaintiffs' allegations in the Complaint as true and resolve "all factual disputes in the Plaintiffs' favor." Lake, 817 F.2d at1420.

### Law of Personal Jurisdiction

In this diversity case the Court's power to exercise personal jurisdiction over a non-resident defendant is limited both by the applicable state personal jurisdiction statute ("long arm statute") and the Due Process Clause. See Sher v. Johnson, 911 F.2d 1357, 1360 (9th Cir. 1990) (citing Data Disc, 557 F.2d at 1286)). Idaho's long arm statute provides in pertinent part:

Acts subjecting person to jurisdiction of courts of state.

---

[4] The situation here is distinguishable from the facts presented in the cases cited by Dr. Lin, Doolittle v. Structured Investments Co.,LLC, CV07-356-S-EJL-CWD, 2008 WL 5121591 (D. Idaho Dec 04, 2008) and United Heritage Life Ins. Co. v. First Matrix Investment Services Corp., CV06-496-S-MHW, 2007 WL 1792333 (D. Idaho June 20, 2007). But in any event, see infra n.5 wherein the Court explains the lack of persuasive authority provided by an unpublished prior decision by a magistrate or district court judge.

> Any person, firm company, association or corporation, whether or not a citizen or resident of this state, who in person or through an agent does any of the acts hereinafter enumerated, thereby submits said person, firm, company, association or corporation, and if an individual, his personal representative, to the jurisdiction of this court of this state as to any cause of action arising from the doing of any said acts:
>
> (b) The commission of a tortuous act within the state;

Idaho Code § 5-514. However, the Ninth Circuit has held that the Idaho Legislature intended, in adopting the long arm statute, to exercise all of the jurisdiction available under the Due Process Clause. Lake, 817 F.2d at 1420 (citing Doggett v. Electronics Corp. of Am., 454 P.2d 63, 67 (Idaho 1969)). Accordingly, the Ninth Circuit has determined that the state and federal limits are co-extensive, and an independent review of whether jurisdiction exists under the long arm statute is unnecessary. Id.; see also Data Disc, 557 F.2d at 1286 & n.3.

On this issue, both parties have cited to Judge Winmill's decision in Moxie Java Intern., LLC v. Cornucopia Beverages, Inc., No. CV07-535-S-BLW, 2009 WL 187893 (D. Idaho Jan 23, 2009). In that decision, Judge Winmill notes that the Idaho Supreme Court recently has "instituted a two-part test for resolving long-arm jurisdiction questions. . . . first [it] looks at whether the defendant's conduct falls within the terms of the statute, and then looks to see whether exercising jurisdiction would comport with the Due Process Clause." Id. at *2 n.3. According to Judge Winmill, the Idaho cases "imply that [the long arm statute] reaches beyond the limits of due process, and that the Idaho Supreme Court must use the Due Process Clause to rein in the statute's grasp." Id. However even if this is so, the "result . . . is the same - the Due Process Clause sets the limit [and] the Court need look only to the Due Process Clause to determine personal jurisdiction."[5] Id. at *2 & n.3.

---

[5] The Court reviews Judge Winmill's decision because both parties cite to it and there is some dispute as to whether the long arm statute should be part of the federal court's personal jurisdiction analysis. Judge Winmill, as discussed above, concluded that despite any perceived changes in the Idaho Supreme Court's treatment of the long arm statute, the Ninth Circuit's holding in the Lake case still applies – an independent review of whether jurisdiction exists under the long arm clause is unnecessary and the Court need only look to the Due Process Clause to determine personal jurisdiction. The Court agrees that the Lake case is binding Ninth Circuit authority that it must follow. In pointing to Judge Winmill's decision and the many other unpublished decisions from the District of Idaho cited in their briefs, the parties should keep in mind that a prior decision of the district court is controlling only as to the particular case in which it was entered. See Hart v. Massanari, 266 F.3d 1155, 1174 (9th Cir.2001) ("That the binding authority principle applies only to appellate decisions, and not to trial court decisions, is yet another policy choice. There is nothing

MEMORANDUM ORDER - Page 6

Due process requires that in order for a non-resident defendant to be haled into court the defendant must have certain minimum contacts with the forum state such that the traditional notions "'of fair play and substantial justice'" are not offended. See Sher, 911 F.2d at 1361 (quoting International Shoe Co. v. Washington, 326 U.S. 310, 320 (1945)). Additionally, "the defendant's 'conduct and connection with the forum State' must be such that the defendant 'should reasonably anticipate being haled into court there.'" Sher, 911 F.2d at 1361 (quoting World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980)). The focus in a personal jurisdiction determination is primarily on "the relationship among the defendant, the forum, and the litigation." Shaffer v. Heitner, 433 U.S. 186, 204 (1977).

States may exercise general or specific jurisdiction over non-resident defendants. See Helicopteros Nacionales de Colombia S.A. v. Hall, 466 U.S. 408, 414 nn.8-9 (1984). General jurisdiction can be asserted when the defendant's activities in the forum state are "continuous and systematic" or "substantial." Perkins v. Benguet Consol. Mining Co., 342 U.S. 437, 445, 447 (1952). When specific jurisdiction is asserted, the Ninth Circuit has used a three part test which requires (1) that defendant took some action "whereby defendant purposefully avails himself or herself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of the forum's laws," (2) that the claim arose out of defendant's activities in the forum state, and (3) that exercising jurisdiction is reasonable. Cubbage v. Merchent, 744 F.2d 665, 668 (9th Cir. 1984).

The purposeful availment requirement in the analysis is used to make a qualitative evaluation of the defendant's contacts with the forum state. See Lake, 817 F.2d at 1421. The defendant's acts to purposefully avail himself or herself to the benefits and laws of this state is important because it is presumed that it is not unreasonable to then expect the defendant

---

inevitable about this; the rule could just as easily operate so that the first district judge to decide an issue within a district, or even within a circuit, would bind all similarly situated district judges, but it does not."). And an unpublished decision is not usually suitable as a source of persuasive authority. Id. at 1178. ("An unpublished disposition is, more or less, a letter from the court to parties familiar with the facts, announcing the result and the essential rationale of the court's decision.... and the rule of law is not announced in a way that makes it suitable for governing future cases.").

MEMORANDUM ORDER - Page 7

to submit to litigation in the forum as well. See id. (citing Burger King Corp. v. Rudzewicz, 471 U.S. 462, 476 (1985)). The second requirement, that the litigation arise out of the defendant's contacts with the forum state, determines how closely connected defendant's actions in the forum state were to the harm that is being alleged. See Lake, 817 F.2d at 1421.

In determining the third factor of reasonableness, the Ninth Circuit provides a number of factors to consider in an effort to preserve the "traditional notions of fair play and substantial justice." International Shoe, 326 U.S. at 316. These factors include: (1) the extent of defendant's involvement in affairs in the forum state, (2) the burden of the defendant to defend in the forum, (3) the extent of the conflict with the sovereignty of defendant's home state, (4) the forum's interest in adjudicating the dispute, (5) the most efficient judicial resolution of the dispute, (6) the importance of the forum in protecting plaintiff's interest in convenient and effective relief, and (7) the existence of an alternate forum. See Terracom v. Valley Nat'l Bank, 49 F.3d 555, 561 (9th Cir. 1995) (citing Core-Vent v. Nobel Indus. AB, 11 F.3d 1482, 1487-88 (9th Cir. 1993).

**Discussion**

As there is no allegation that during the time-frame at issue Dr. Yin had continuous or substantial contact with Idaho, the Court will only address whether specific jurisdiction is appropriate. In this tort-based action, the purposeful availment requirement focuses on a purposeful direction analysis. See, e.g., Schwarzenegger v. Fred Martin Motor Company, 374 F.3d 797, 801, 802 (9th Cir. 2004). The "purposeful direction" prong "requires that the defendant have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." Id. at 803.

Here, there is no question that by reviewing and offering an opinion on the biopsy specimen Dr. Yin preformed an "intentional act." Id. at 806. Therefore, the first requirement of the purposeful direction prong has been satisfied.

Plaintiffs must next show that Dr. Yin expressly aimed her alleged wrongful conduct at the Plaintiffs in Idaho. Taking all the allegations in the Plaintiffs' Complaint as true and construing all reasonable inferences in Plaintiffs' favor, the Court concludes that Plaintiffs have failed to carry their burden on this matter. Plaintiffs make no allegations regarding Dr.

MEMORANDUM ORDER - Page 8

Yin's personal knowledge or conduct towards Idaho. Instead, Plaintiffs seek to rely on Yin's alleged employment relationship with LabCorp and the allegation that "the Defendants were acting in concert within the meaning of Idaho Code § 6-803(5)" to meet the express aiming requirement.

Specifically, Plaintiffs argue that "[b]ecause the Smiths alleged that Yin not only reviewed the biopsy in the course and scope of her employment with LabCorp, but, in addition, that she was acting at all times relevant in concert with her employer, LabCorp, the Smiths did allege that Yin while acting in concert with her employer knew both where the samples she reviewed had been collected by her employer and where her medical diagnoses based upon those reviews were being sent by her employer." (Pls.' Mem. in Opp'n to Def. Yin's Mot. to Dismiss at 10). In other words, Plaintiffs rely on the operation of Idaho Code § 6-803(5) and that statute's formation of an "acting in concert" relationship to impute to Dr. Yin the knowledge possessed by LabCorp of the origin of the biopsy sample and the location of the receipt of the pathological evaluation.

Assuming, without deciding, that § 6-803(5) applies to Plaintiffs' negligence action and assuming further that the Idaho legislature intended that the "acting in concert" relationship was meant to extend the state's jurisdictional reach[6], the Due Process Clause does not permit such an outcome. It is not possible to satisfy the requirements of due process by imputing the requisite knowledge and conduct to a defendant through a legal construct of state law.[7] Similar to Judge Winmill's discussion in Moxie Java regarding Idaho's long arm statute, if § 6-803(5)'s purpose is to reach an out-state defendant through an allegation that she was "acting in concert" with an in-state defendant, then the Court "must use the Due Process Clause to rein in the statute's grasp." Moxie Java, 2009 WL 187893, at *2.

---

[6] Idaho Code § 6-803(5) reads:
A party shall be jointly and severally liable for the fault of another person or entity or for payment of the proportionate share of another party where they were acting in concert or when a person was acting as an agent or servant of another party. As used in this section, "acting in concert" means pursuing a common plan or design which results in the commission of an intentional or reckless tortious act.

[7] Significantly, Plaintiffs cite no authority to the contrary.

MEMORANDUM ORDER - Page 9

Because Plaintiffs make no allegation that Dr. Yin personally knew the biopsy sample originated from Idaho or that Dr. Yin personally knew her pathological evaluation would be sent to a patient in Idaho, Plaintiffs have failed to satisfy the express aiming requirement, and personal jurisdiction over Dr. Yin is lacking.

Having determined that the Court lacks personal jurisdiction over Dr. Yin, the Court must address the Plaintiffs' request that it transfer this case to Washington, where personal jurisdiction would likely exist over all Defendants, rather than dismiss Dr. Yin from this action.[8] Where a court lacks personal jurisdiction over a defendant, it may transfer the case to another district where the action could have been brought originally. Goldlawr, Inc. v. Heiman, 369 U.S. 463, 466 (1962).

The court may transfer this action pursuant to either 28 § 1404(a) or 28 § 1406(a). Kawamoto v. CB Richard Ellis, Inc., 225 F. Supp.2d 1209, 1211-12 (D. Haw. 2002) (collecting cases that permit a transfer under either § 1404(a) or § 1406(a) when personal jurisdiction is lacking). Under § 1404(a), a district court may transfer an action to any other district or division where it might have been brought "for the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). Under § 1406(a), a district court may, "in the interest of justice," transfer an action "laying venue in the wrong division or district" to any district or division in which it could have been brought. 28 U.S.C. § 1406(a).

The Court believes that a transfer of this matter would fit under § 1404(a).[9] However, in the alternative, the Court would transfer venue pursuant to § 1406(a). In either instance, the relevant inquiry involves the "interest of justice."

The Court has discretion over whether it would be in the interest of justice to transfer the case. Minnette v. Time Warner, 997 F.2d 1023, 1026-27 (2d Cir. 1993). Depending upon

---

[8] A formal motion is not required before the Court considers whether it should dismiss a case for lack of personal jurisdiction or transfer it. See, e.g., Goldlawr, Inc. v. Heiman, 369 U.S. 463, 464-66 (1962); Minnette v. Time Warner, 997 F.2d 1023, 1026-27 (2d Cir.1993).

[9] The Court finds that all the criteria required by § 1404(a) has been met here: LabCorp is deemed to reside in the District of Idaho and a substantial part of the events giving rise to the Plaintiffs' claim occurred in the District of Idaho. See 28 U.S.C. § 1391(a) & (c). Moreover, Dr. Yin did not challenge Idaho as an improper venue and that defense has now been waived. Fed.R.Civ.P. 12(h)(1).

MEMORANDUM ORDER - Page 10

how the Plaintiffs' cause of action is construed, a refiling of this lawsuit in Washington may be time-barred.[10] A district court is within its discretion when it finds that the interest of justice would be served by transferring an action that may otherwise be barred by the statute of limitations. See, e.g. id.; Goldlawr,, 369 U.S. at 466. Accordingly, the Court will exercise its discretion and in the interest of justice it will transfer this action to the United States District Court for the Western District of Washington, Seattle Division.

## ORDER

Based on the foregoing, and being fully advised in the premises, **IT IS HEREBY ORDERED** Plaintiffs' request for transfer of venue is **GRANTED**. This action is **TRANSFERRED** to the United States District Court for the Western District of Washington, Seattle Division.

**IT IS FURTHER ORDERED** that: the Motion for Leave to File Excess Pages (docket no. 10) is **GRANTED**; the Motion to Strike the Motion for Leave to File Excess Pages (docket no. 11) is **DENIED**; the Motion to Strike Affidavit (docket no. 22) is **GRANTED**; and the Joint Motion to Modify Scheduling Order (docket no. 24) is **GRANTED**, and that the current scheduling deadlines are **VACATED**, to be reset, if appropriate, by the transferee court.

**IT IS FURTHER ORDERED** that Defendant Jane J. Yin, M.D.'s Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2) (docket no. 8-1) is **DENIED** as **MOOTED** by the transfer order, and that Defendant Jane J. Yin, M.D.'s Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim (docket no. 8-2) is **DENIED without prejudice** to being refiled with the transferee court.

DATED: **November 17, 2009**

Honorable Edward J. Lodge
U. S. District Judge

---

[10] The Court may properly take judicial notice of the applicable statute of limitations that apply to state law claims filed in Washington. See Fed.R.Civ.P. 201.